SHRIVER v. STEVENS.

An agent of a stage company, authorized to obtain surgical aid for a passenger, injured by the upsetting of the coach, is not therefore authorized to employ a physician to attend to one who had acted as coachman, without the consent or knowledge of the company, and who had also been injured by the same accident.

IN error from the Common Pleas of Washington.

Assumpsit for medical services rendered to one Walker, at the request of the plaintiffs in error.

It appeared that the regular coachman of the defendants, who were owners of a line of stages, substituted Walker in his place, without authority from, or knowledge of the defendants. While Walker was driving, the coach was upset, and he and one of the passengers named Moses, very seriously injured. An agent of the company, hearing of the accident, came out from town and employed the plaintiff to attend to both the injured men. For his services to Mr. Moses, the plaintiff was paid by the defendants.

The Court left it to the jury to say, 1st, Whether the agent employed the plaintiff, and 2d, Had he the authority to do so? adding,

"He certainly had power to employ a physician to render aid to Mr. Moses—and if he had this power, it was within the scope of his authority to employ a physician for Walker. We charge you, therefore, that the agent had authority to bind the company for medical services to be rendered to Walker, and when the company

wished to repudiate this contract, it was necessary, in order to do so, to give notice to the plaintiff."

*Acheson*, for plaintiffs in error.—The material question of fact was withdrawn from the jury. The agency with reference to the passenger was not disputed; for, being liable for these expenses indirectly, they might well affirm a contract which would go in reduction of the damages. But what claim had Walker? None; 8 Car. & Pay. 153; 4 Ib. 80; 2 Kent's Com. 261; on the contrary he was liable for interference in the defendant's business, whence resulted the injury. Hence an express authority must be shown, for the employment by the agent could not have been in any other way connected with the business of the defendants: 13 Mass. 181; Stor. Agen. § 133; 7 W. & S. 317.

*Gow*, contrà.—The agent apparently had authority to employ physicians, and no secret limitation of that authority can affect the plaintiff: Story on Agency, § 133, 130; 1 Pet. 290.

Rogers, J.—On a careful examination of the charge, the answers to the points and the authorities contain no error, except in one particular. The Court, speaking of the authority given to Gilbert as the agent of the company, say: "He certainly had power to employ a physician to render aid to Mr. Moses, and if he had this power, it was within the scope of his authority to employ a physician for Walker." The charge was therefore that Gilbert had authority to bind the Company for medical services to be rendered to Walker, and when the company wished to repudiate the contract, it was necessary, in order to do so, to give notice to Dr. Stevens. It does not follow as a legal inference, that because he had power to employ medical services for the passenger to whom they were liable for the negligence of their servants, that therefore they had given him authority to employ a physician for the other, who may have been the cause of the disaster. In the former case they were at least under a moral obligation; for the other they were not bound, either legally or morally. He had thrust himself into their service, without their leave, and was bound to pay for these services himself. It is a point in the case, but not such a one as justifies the binding force given to it in the charge. As the Court truly say, there were two questions. 1st. Did Gilbert contract for the services of Dr. Stevens for Walker? And 2d. If he

did, had he the power to bind the defendants to the contract? Both of these were questions of fact, one of which would seem to be withdrawn from the jury's consideration by this part of the charge.

Judgment reversed, and *venire de novo* awarded.